(No. 92-CV-1365— )

*In re* APPLICATION OF BARBARA E. HEWITT

*Order filed June 24, 1993.*
*Opinion filed September 2, 1999.*

BARBARA E. HEWITT, *pro se.*

ROLAND W. BURRIS and JIM E. RYAN, Attorneys General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

ORDER

PER CURIAM.

This claim arises out of an incident that occurred on June 18, 1991. Barbara E. Hewitt, wife of the deceased victim, Walter E. Hewitt, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat., 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 10, 1992, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon

these documents and other evidence submitted to the Court, the Court finds:

1. That on June 18, 1991, the victim was beaten by an offender who was not known to him. The incident occurred at the Henry County Fairgrounds, Cambridge, Illinois. Police investigation revealed that prior to the incident, the victim and the offender were involved in a verbal dispute. During this dispute, the victim grabbed the offender and a struggle ensued. When the offender attempted to get away from the victim, the victim pursued him and the fight continued. In an attempt to protect himself, the offender kicked the victim and caused both of them to fall to the ground. The victim expired from his injuries. The Henry County Coroner indicated the victim expired as the result of cardiac arrhythmia, an irregular heartbeat. The offender, a juvenile, was apprehended and charged in a juvenile petition with involuntary manslaughter. During the adjudicatory hearing, the petition was dismissed based upon the fact that the actions of the offender were in self-defense.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that prior to the incident, the victim and the offender were involved in a verbal dispute. During this dispute, the victim grabbed the offender and a struggle ensued. When the offender attempted to get away from the victim, the victim pursued him and the fight continued. In

an attempt to protect himself, the offender kicked the victim causing both of them to fall to the ground.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 2(c) of the Act occurred.

6. That the actions of the offender did not constitute a crime specifically set forth under section 2(c) of the Act.

7. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

JANN, J.

This cause is before the Court on a recommendation from a Commissioner of this Court following a hearing. This Court denied Claimant's application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) on June 24, 1993, on the basis that the victim's injuries were substantially attributable to, or provoked by, the victim's own wrongful actions as proscribed by section 6.1(d) of the Act.

Claimant filed a timely request for a hearing and a hearing was held before a Commissioner of this Court on November 19, 1996. No further action occurred on this case until March 29, 1999, when the case was reassigned to a new Commissioner. A new hearing was scheduled for April 12, 1999, before Blanche Hill Fawell, a Commissioner of this Court.

On that date, Mrs. Hewitt appeared and the Commissioner was able to determine that a hearing had in fact been held in 1996. Mrs. Hewitt provided copies of all the police reports and the Attorney General's office provided the Commissioner with a copy of the transcript of the 1996 hearing. Both parties agreed that the Commissioner should make a recommendation to the Court based on the police reports and transcript. No new testimony was taken.

We have carefully reviewed the transcript of November 19, 1996, and the police reports and other documents of record.

The police reports revealed that the Claimant's husband, Walter E. Hewitt, was driving his pickup truck through a crowd of people at a county fair attempting to leave the fair when the offender hit the victim's truck with his hand and a verbal dispute occurred. Several witnesses observed that the victim grabbed the offender by his shirt front through the truck window and they exchanged verbal remarks. It also appears the offender's head struck the window frame during this part of the incident. The offender then punched the victim in the face and broke free of the truck. The offender began walking away from the truck. The victim then got out of his truck, chased after the offender, and grabbed him by the shirt. The offender then kicked the victim in the chest area twice. The victim caught the offender's leg on the second kick and both fell to the ground and were hitting each other. The offender got up and ran away. The victim remained on the ground suffering from cardiac arrhythmia. He died shortly thereafter. The offender was charged in a juvenile petition with involuntary manslaughter which was subsequently dismissed on the basis that the offender's actions were in self-defense.

This Court has carefully considered the testimony of the witnesses and all the exhibits introduced into evidence. Based on the evidence as submitted, the Court finds:

1. That the offender in this matter clearly initiated the confrontation by first hitting the victim's car with his hand. However, the victim then acted in a manner which contributed to his death when he left the truck, chased after the offender and grabbed him. In an attempt to free himself, the offender kicked the victim in the chest and the resulting blows caused the victim's death.

2. That section 10.1(d) of the Crime Victims Compensation Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his death.

3. That the victim's conduct of leaving his truck, chasing down the offender and grabbing him, provoked the offenders' kicks and therefore his actions contributed to his death.

We also note that the record indicates the victim had previously been prescribed Ativan, a tranquilizer for anxiety attacks, though Mrs. Hewitt stated he had not taken the medication regularly for some time prior to this incident.

It is hereby ordered that the June 24, 1993, order of this Court denying Claimant's application for benefits under the Crime Victims Compensation Act is affirmed.